[644 NYS2d 987]

In the Matter of BARBARA J. CRAWFORD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 24, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Napolitano & Magnotti,* Staten Island *(Peter J. Napolitano* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with three allegations of professional misconduct, emanating from her ne-

glect of two legal matters entrusted to her. The Special Referee sustained all three charges. The Grievance Committee moves to confirm the Special Referee's report. An affirmation in opposition has been submitted on behalf of the respondent.

Charges One and Two alleged that the respondent neglected a legal matter entrusted to her arising from her having been retained by Stella Gazzola, on or about June 20, 1988, to prosecute a matrimonial matter on her behalf. Charge One alleged that between November 1990 and approximately September 1992, the respondent failed to take appropriate action to advance this matter, notwithstanding frequent communications from Ms. Gazzola.

Charge Two alleged that between September 1992 and approximately October 1993, the respondent failed to take appropriate action to advance the matter, notwithstanding frequent communications from Ms. Gazzola.

It was further alleged that by reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) and DR 7-101 (A) (3) (22 NYCRR 1200.30 [a] [3]; 1200.32 [a] [3]).

Charge Three (Charge One of the supplemental petition) alleged that the respondent neglected another legal matter entrusted to her arising from her having been retained by Daniel Rodriguez in or about April 1992 to prosecute a matrimonial matter on his behalf. The respondent prepared a Stipulation of Settlement of that matter in or about June 1992. On or about August 26, 1992, Mr. Rodriguez and his wife, Lucy Evelyn Delgado, executed the Stipulation of Settlement in the respondent's presence. On or about August 26, 1992, the respondent agreed to place this matrimonial matter on the uncontested calendar. Between September 1992 and September 1994, the respondent failed to take appropriate action to advance this matter, notwithstanding frequent communications from Mr. Rodriguez.

It was alleged that by reason of the foregoing, the respondent violated Code of Professional Responsibility DR 6-101 (A) (3) and DR 7-101 (A) (2) and (3) (22 NYCRR 1200.30 [a] [3]; 1200.32 [a] [2], [3]).

A hearing was held on these charges at which the evidence of the respondent's misconduct was uncontested. The Special Referee sustained the charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the sincere efforts undertaken by the respondent to overcome her debilitating addiction and the documented success towards rehabilitation which she has achieved thus far. The Grievance Committee's sanctions previously imposed on the respondent emanate from misconduct prior to her obtaining professional assistance to attempt to overcome her addiction. To insure her continued progress, the respondent is referred to the attorney sobriety monitoring program of the Lawyers' Assistance Program of the New York State Bar Association.

Under the circumstances, the respondent is censured for her professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Barbara J. Crawford, is hereby censured.